THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CT-3135-FL

JOSEPH JOHN URBANIAK, JR. )
    Plaintiff, )
)
v. )
)
SGT. DONNIE STANLEY, et al., )
    Defendants. )
)
)

No. 5:07-CT-3145-FL

EDWARD ALLEN, et al., )
    Plaintiffs, )
)
v. )
)
THEODIS BECK, et al., )
    Defendants. )
)
)

STIPULATED CONSENT DECREE

The parties hereto, through counsel, having agreed and stipulated to the entry of this Consent Decree, and the Court having reviewed the record herein and being sufficiently advised,

THE COURT FINDS AS FACT AND LAW:

1.     This Consent Decree will grant prospective relief with respect to prison conditions to the Plaintiffs herein.

-2-

2. The relief granted herein is narrowly drawn, extends no further than necessary to correct a violation of a federal right, and is the least intrusive means necessary to correct the violation of a federal right.

3. None of the provisions of this Consent Decree violate the restrictions on prospective relief set forth in 18 U.S.C. § 3626(a).

NOW THEREFORE IT IS ORDERED,

1. The Defendants and their subordinates and their successors in positions within the administration of the North Carolina Department of Correction (hereinafter collectively referred to as DOC) shall uniformly apply and enforce the policy entitled *Publications Received/Possessed by Inmates*, D.0100 (the Policy), as set forth as Attachment A hereto, throughout its prison facilities; provided, however, that minor, occasional, non-willful deviations from the time limits for processing publications or from other administrative provisions of the Policy shall not be considered a violation of this Consent Decree so long as DOC uses its best efforts to minimize such deviations and to correct them when they occur.

2. Unless exigent circumstances necessitate a shorter advance notice period or no advance notice (in which case DOC shall provide written notice as soon as possible), DOC shall provide counsel for Plaintiffs, North Carolina Prisoner Legal Services, Inc. (PLS), with written notice of any substantive proposed change to the Policy (including the perceived penological objective of the proposed change) at least 45 days in advance of the effective date of such proposed change. Within 15 days after receiving such notice, PLS shall submit to DOC its written comments and suggestions regarding the proposed change, which DOC shall consider in good faith. If PLS objects to the change (as proposed by DOC after considering PLS's comments and suggestions) on

constitutional grounds, PLS may move the Court to disallow or modify the change, as provided in Paragraph 9 herein.

3. Any good-faith disapproval by DOC of a publication based on one or more of the disapproval reasons set forth in the Policy shall not be considered a violation of the Policy or this Consent Decree; provided, however, that this Consent Decree shall not be construed to prevent an inmate with standing from legally challenging any such disapproval in an independent legal action; provided, further, that the Policy shall not be construed as a waiver by DOC of any requirement that an inmate exhaust his or her available administrative remedies before filing a lawsuit.

4. DOC has produced a training video about the Policy. Training shall be implemented in accordance with Section D.0110 of the Policy. DOC shall submit any proposed changes to the video to PLS for comments and suggestions.

5. No less often than quarterly DOC shall provide to PLS a spreadsheet or spreadsheets showing the status of all pending appeals to DOC's Publication Review Committee, together with a copy of DOC's most recent Master List of Disapproved Publications. Such spreadsheets shall be substantially similar in form to the monthly spreadsheets DOC has been voluntarily providing to PLS prior to the filing of this Consent Decree. Upon receiving a specific request by PLS, DOC shall also provide to PLS a copy of all documents relating to the disapproval of a particular publication (whether or not such disapproval was appealed).

6. When DOC next revises its Inmate Handbook, DOC shall add to the "Authorized Items" section of its Inmate Handbook two sentences substantially identical to the following two sentences: *"Some large retail organizations (e.g., Barnes and Noble, Borders, etc.) are considered distribution centers."* and *"If your publication is found to violate policy, you will be permitted to*

*appeal the rejection of your publication to a Publication Review Committee for a fresh review, if the Committee has not already reviewed that same publication."*

7. As soon as practicable after the filing of this Consent Decree, DOC shall pay Three Hundred Fifty U.S. Dollars ($350.00) in a lump sum by a check payable to North Carolina Prisoner Legal Services, Inc. (Employer Identification Number 58-1342594), which PLS shall deposit in its client escrow account to reimburse Joseph Urbaniak for his court filing fee.

8. As soon as practicable after the filing of this Consent Decree, counsel for the parties shall prepare and submit to the Court a notice summarizing this Consent Decree and the right, pursuant to Federal Rule of Civil Procedure 23(e), of any member of the Plaintiff class to object to it. Upon a finding by this Court that said notice meets the reasonable notice requirements of said Rule, DOC shall post said notice in each of its prison facilities on a bulletin board regularly used for posting notices to inmates.

9. Pursuant to the provisions of 18 U.S.C. § 3626(b)(1)(A)(i), the requirements of this Consent Decree shall terminate two years following its date of entry. Prior to the expiration of this two year period, either party may by motion request that the Court enforce or otherwise resolve any dispute concerning its application of changes in the Policy proposed by DOC and opposed by PLS.

-5-

10. By their counsels' signatures hereto, the parties stipulate to the findings of fact and conclusions of law set forth herein.

3-23-2010
Date

J. Phillip Griffin, Esq.
North Carolina Prisoner Legal Services, Inc.
*Counsel for Plaintiffs*

NORTH CAROLINA DEPARTMENT
OF CORRECTION

3-22-2010
Date

By: LaVee Hamer
LaVee Hamer
*General Counsel*

3-22-2010
Date

J. Philip Allen
Assistant Attorney General
North Carolina Department of Justice
*Counsel for Defendants*

APPROVED AND ORDERED:
The court notes the governing policy is the amended policy of August 18, 2010, entered at docket entry 129, exhibit 1.

Aug 27, 2010
Date

LOUISE W. FLANAGAN
Chief United States District Judge